UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| DIETRA BOWERS,                       | ) |                          |
|     Plaintiff,   | ) |                          |
|                                      | ) | CIVIL ACTION             |
| v.                                   | ) | No. 11-40229-TSH         |
|                                      | ) |                          |
| MICHAEL J. ASTRUE,                   | ) |                          |
| Commissioner                         | ) |                          |
| Social Security Administration,      | ) |                          |
|     Defendant.   | ) |                          |

**ORDER**
July 14, 2014

**HILLMAN, D.J.**

**Background**

This is an action for judicial review of a final decision made by the Commissioner of the Social Security Administration ("Commissioner") denying the claim of Plaintiff, Dietra Bowers ("Bowers"), for Social Security Disability Insurance Benefits.

This matter was referred by this Court to Hennessy for a Report and Recommendation on Plaintiff's Motion To Remand The Decision Of The Commissioner Of The Social Security Administration (Docket No. 11) and Defendant's Motion To Affirm The Commissioner's Decision (Docket No. 16). Thereafter, Magistrate Judge Hennessy issued a Report and Recommendation (Docket No. 22)("R&R") recommending that Bowers's motion to remand be denied, and the Commissioner's motion to affirm be allowed. Bowers objects to the R & R on the grounds that (1) the magistrate judge erred when he found that the substantial evidence supported the decision of the administrative law judge ("ALJ") despite the fact that the ALJ did not *expressly* find that Bowers could sustain her activities; (2) the magistrate judge erred by

finding that no acceptable medical source diagnosed her with bipolar disorder and, in any event, read the legal authority cited by her too narrowly; (3) the magistrate judge impermissibly allowed the ALJ to discount the opinions of later medical sources on the grounds that they were not acceptable medical sources, despite the fact that they were principal treating sources of mental health at the time of her evaluation; and (4) the magistrate judge erred in holding that expert support is not needed so long as the ALJ's decision is based on evidence that would suggest to a lay person that a claimant's impairments are mild and pose no significant functional restrictions. *See* Objections To Report and Recommendation Of The Magistrate Judge (Docket No. 24).

Having reviewed Bowers's objections, with one exception explained in detail below, I find that the objections are without merit.[1] Because I nonetheless find that for the reasons set forth in the R&R the ALJ's decision is substantially supported by the evidence in the record, I otherwise accept and adopt the R&R.

### **Response to Objections**

1. The record evidence establishes that the ALJ *implicitly* considered Bowers's ability to sustain her activities and this finding is supported by substantial evidence in the record. *See Lopes v. Barnhart*, 372 F.Supp.2d 185, 193 (D.Mass. 2005)(ALJ's determination will be upheld after examination of entire record even if more express findings would have been preferable)(citing *Frustaglia v. Secretary*, 829 F.2d 192, 195-196 (1st Cir. 1987)).

2. Bowers is correct that her psychiatrist, Dr. George Hardman, who diagnosed her with bipolar disorder, is an acceptable medical source and therefore, the magistrate judge clearly erred

---

[1] This Court conducts a de novo review of objections to the Magistrate Judge's decision. *Seavey v. Barnhart*, 276 F.3d 1, 7 (1st Cir. 2001)(*citing* 28 U.S.C. § 636(b)(1)(C)).

by concluding that "no acceptable medical source diagnosed Bowers with bipolar disorder." *See R&R*, at p. 21. Nonetheless, there was substantial contradictory medical evidence, which is accurately summarized in the R&R, that Bowers did not suffer from bipolar disorder and did not otherwise suffer from a disabling mental disorder. The ALJ was entitled to credit the other medical sources and therefore, the ALJ's determination is supported by substantial evidence in the record.

3. Bowers mischaracterizes the ALJ's findings. The ALJ did not *ignore* the opinion of later medical sources solely on the grounds that they were not acceptable medical sources, as was done in the case she cited, *Alcantara v. Astrue*, 257 Fed.Appx. 333 (1st Cir. 2007). Rather, the ALJ gave some of these opinions less weight and explained the reasons for doing so. As to the those later medical sources the ALJ disregarded completely, it was not for the sole reason that they were unacceptable medical sources, but also because their findings were either inconsistent with other medical evidence in the record, or based largely on Bowers's subjective complaints.

4. Bowers asserts that the magistrate judge misapplied the First Circuit's holding in *Manso-Pizarro v. Secretary*, 76 F.3d 15 (1st Cir. 1996) by applying what he considered to be the general rule "that the claimant's capacity may even be assessed without regard to expert testimony so long as the hearing officer's decision is based on evidence that would suggest that a claimant's impairment are mild and pose no significant functional restrictions." *R&R*, at p. 25 n. 13.[2] However, the R&R makes clear that the magistrate judge was simply summarizing another judge's statement of the general rule—and did so accurately. The magistrate judge *specifically*

---

[2] Bowers describes the Magistrate Judge's reasoning as hard to follow. However, I find the magistrate judge's discussion to be a straightforward and accurate description of the law and the record. I disagree with Bowers's interpretation of what the magistrate judge says in that discussion, which may be why I have difficulty comprehending the exact nature of her objection.

*stated* that Bowers's case is distinguishable because the ALJ did, in fact, rely on acceptable expert testimony. I agree.

## **Conclusion**

For the foregoing reasons, except as set forth above, the Court accepts and adopts the Report and Recommendation (Docket No. 22) of the magistrate judge. Accordingly, Plaintiff's Motion To Remand The Decision Of The Commissioner Of The Social Security Administration (Docket No. 11) is ***denied*** and Defendant's Motion To Affirm The Commissioner's Decision (Docket No. 16) is ***granted***. The Clerk shall enter judgment for the Commissioner.

    **/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE